IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| Andrew Walker,<br>Faric Cail, and<br>Darius Rogers,<br><br>   Plaintiffs,<br><br>        v.<br><br>Wildwood Industries, Inc.<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   No.  07-1272<br>)<br>)<br>)<br>)<br>) |

## REPORT AND RECOMMENDATION

Plaintiffs pursue Title VII claims for racial discrimination and harassment (First Amended Complaint, Count 1).  In addition to the race claims, Plaintiff  Walker pursues, on his own, a Title VII claim for sexual harassment and discrimination and a Title VII retaliation claim.  (First Amended Complaint, Count 2).[1]

Plaintiffs First Amended Complaint (d/e 7) adds a state claim alleging a violation of the Illinois Personnel Records Review Act, 820 ILCS 40/.01 *et seq.* ("PRRA"), invoking supplemental jurisdiction under 28 U.S.C. Section

---

[1] Plaintiffs base their discrimination/harassment claims on Title VII and 42 U.S.C. Section 1981a.

1367. It is this claim (Count IV) that is before the Court on Defendant's motion to dismiss. Defendant argues that supplemental jurisdiction is lacking, or, that supplemental jurisdiction should be declined.

For the reasons below, the Court concludes that supplemental jurisdiction over the PRRA claim is not present under 28 U.S.C. Section 1367(a). The Court further concludes that, even if supplemental jurisdiction is present, it should be declined because of the novelty of the claim.[2]

### Allegations in PRRA Claim

The PRRA claim (Count 4) alleges that Plaintiffs requested, through their counsel, copies of their personnel files pursuant to their rights under the PRRA, notifying Defendant that they had already filed charges with the Illinois Department of Human Rights. (First Amended Complaint para. 28, 32, and Exhibits 1, 4).[3] Defendant refused, citing section 10(f) of the PRRA which states, "The right of the employee . . . to inspect his or her personnel records does not apply to: . . . (f) Records relevant to any other pending claim between the employer and employee which may be discovered in a

---

[2] Another pending case, assigned to Judge McDade, Crawford v. Wildwood Industries, Inc., 07-1269, involves the same issues. A substantially identical Report and Recommendation is being filed in that case.

[3] Plaintiff Walker made his request first, followed several months later by Plaintiffs Cail and Rogers.

judicial proceeding." Defendant took the position that the charge filed with IDHR was "such a proceeding." (First Amended Complaint, Ex. 2).

Plaintiffs filed complaints with the Illinois Department of Labor over Defendant's refusal to provide their personnel reports. (First Amended Complaint para. 30; 820 ILCS 40/12(b)). An Administrative Law Judge ruled in Plaintiffs' favor, interpreting Section 10(f) to apply to "pending judicial proceedings," and finding that the IDHR proceeding was a quasi-judicial proceeding, not a judicial proceeding. (First Amended Complaint Exs. 3, 6, 7). The IDOL eventually issued subpoenas demanding production of the records. (First Amended Complaint para. 41). Wildwood refused to comply on the stated grounds that it was seeking to preserve its objection. Id., Ex. 10. Plaintiff assert that the refusal was a willing and knowing violation of the PRRA, entitling them to $200 in damages plus costs, attorneys fees, and actual damages. (First Amended Complaint pp. 13-14).

## Analysis

The district court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. Section 1367(a). Determinations of whether supplemental jurisdiction exists under 28 U.S.C. Section 1367(a) are reviewed *de novo*. Groce v. Eli Lilly & Co., 193 F.3d 496, 499 (7th Cir. 1999). Discretionary decisions to decline or exercise supplemental jurisdiction under 28 U.S.C. Section 1367(c) are reviewed for abuse of discretion. 193 F.3d at 499.

28 U.S.C. Section 1367(a)

> . . . codifies the principle that "the federal courts' original jurisdiction over federal questions carries with it jurisdiction over state law claims that 'derive from a common nucleus of operative fact,' such that 'the relationship between [the federal claim] and the state claim permits the conclusion that the entire action before the court comprises but one constitutional "case."'"

Groce, 193 F.3d at 500, *quoting* City of Chicago v. International College of Surgeons, 522 U.S. 156, 164-65 (1997), *in turn quoting* United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966). "A loose factual connection between the claims is generally sufficient." Ammerman v. Sween, 54 F.3d

423, 424-25 (7th Cir. 1995)(supplemental jurisdiction existed over assault claim in Title VII action because "without reference to the . . . assault, there could have been no sexual harassment."). "The statute's language clearly authorizes the district courts to exercise jurisdiction to the full extent of Article III's 'case or controversy' requirement." Baer v. First Options of Chicago, Inc., 72 F.3d 1294 (7th Cir. 1995)(supplemental jurisdiction existed over fee dispute in Title VII case where it was part of settlement of and judgment in Title VII action).

Defendant asserts that supplemental jurisdiction does not exist because the PRRA claim does not share a "common nucleus of operative fact" with the federal claims since the PRRA claim is based on Defendant's refusal to produce personnel records, not on the alleged discrimination and harassment.

The Court agrees with Defendant, though the question may be a close one. Plaintiffs' federal claims are based on discrimination against them in the conditions and terms of their employment because of their race and/or gender. The PRRA claim arises from their refused requests for their personnel records. The only connection is that the requests were in pursuit of their discrimination charges and claims. (Amended Complaint

para. 45). The Court believes that this connection is too tenuous to support supplemental jurisdiction. The resolution of the PRRA claim has nothing to do with the resolution of the Title VII claim, and vice versa.

Plaintiffs analogize to cases where supplemental jurisdiction existed for fee disputes, but the fee dispute in Baer was part of the judgment order and settlement. 72 F.3d at 1301. The Court does not see its application here. Groce, also cited by Plaintiffs, involved a state retaliatory discharge claim that arose from and was based on the same facts as the federal ADA claim. Groce, 193 F.3d at 500. Unlike Groce, the PRRA claim here is not based on the same facts as the federal claims. See Berg v. BCS Fin. Corp., 372 F.Supp.2d 1080, 1093 (N.D. Ill. 2005)(no supplemental jurisdiction over breach of employment contract claim where ERISA claim was about denial of employment benefits)("that these claims emerged out of the same factual background or from Berg's general employment relationship with BCS is insufficient."); Eager v. Commonwealth Edison Co., 187 F.Supp.2d 1033, 1044 (N.D. Ill. 2004)(state claims regarding electrocution from unsafe working conditions dismissed for lack of subject matter jurisdiction in Title VII case).

The Court recognizes, however, that district courts in this circuit have addressed the merits of PRRA claims.  *See, e.g.,* Anderson v. Bd. of Education of the City of Chicago, 169 F.Supp.2d 864 (N.D. Ill. 2001)(sex and age discrimination–dismissed PRRA due to failure to exhaust administrative remedies); Bogosian v. Board of Educ. of Community Unit Sch. Dist. 200, 134 F.Supp.2d 952, 960 (N.D. Ill. 2001)(granting summary judgment to plaintiff on PRRA violation of disseminating information on plaintiff's "employment troubles" without prior notice to plaintiff); Sinio v. McDonald's Corp., 2007 WL 869553 (N.D. Ill. 2007)(not reported in F.Supp.2d)(in Title VII case, court denied summary judgment on supplemental PRRA claim, but there was evidence that employer "manipulated her file to support its position that she was fired exclusively for poor performance"); Scurto v. Commonwealth Edison Co., 2000 WL 1624827 (N.D. Ill. 2000)(not reported in F.Supp.2d)(in employment discrimination case, granting summary judgment to defendant on PRRA claim); *see also* Park v. City of Chicago, 297 F.3d 606 (7th Cir. 2002)(race and national origin discrimination, upholding district court's denial, as untimely, of amended complaint adding PRRA claim).

However, the issue of supplemental jurisdiction was not addressed in those cases. The Court does not believe persuasive inferences can be logically drawn from the silence. Further, the Court is not suggesting a blanket rule, but only applying 1367(a) to the specific allegations in this case.

Even if supplemental jurisdiction does exist over the PRRA claim, the Court would recommend that it be declined. "[T]he fact that Section 1367(a) authorizes a district court to exercise jurisdiction over state claims 'does not mean that the jurisdiction *must* be exercised in all cases.'" Groce, 193 F.3d at 499, *quoting* City of Chicago, 522 U.S. at 172. If supplemental jurisdiction exists over the state claim, the district court may nevertheless decline to exercise it if the state claim "raises a novel or complex issue of State law . . . ." 28 U.S.C. Section 1367(c)(2).

Plaintiffs do not dispute Defendant's assertion that "Illinois courts have not addressed whether an employer is required to disclose an employee's personnel records that are relevant to that employee's pending IDHR charge against the employer." (d/e 10 p. 6). Defendant asserts that the PRRA claim is novel because it is a question of first impression: "whether the IDHR's authority to obtain judicial enforcement of its power to

subpoena personnel records absolves an employer from disclosing those same records under Section 10(f) of the PRRA." Id.

Without taking sides in the debate, the Court believes that Defendant makes a nonfrivolous argument regarding its interpretation of Section 10(f). Section 10(f) states that an employee's right to his personnel records does not apply to "Records relevant to any other pending claim between the employer and employee which may be discovered in a judicial proceeding." The IDOL's interpretation arguably moves the location of the word "pending" from before "claim" to before "judicial proceeding." Additionally, the IDOL interpreted "judicial proceeding" to exclude proceedings before the IDHR and EEOC. Plaintiffs may be correct that it is ultimately not a question of statutory construction, but instead a simpler question of whether the IDOL's interpretation of an ambiguous statute is sustainable. Even so, in the Court's opinion, the resolution of the PRRA claim is not a "no brainer." Groce, 193 F.3d at 502 n. 7 (discussing "no brainer" exception to relinquishing supplemental jurisdiction after dismissal of federal claims); Landwer, 238 Ill.App.3d at 408 (upholding trial court's refusal to direct production of "financial data that would be relevant to any pending claim between the employer and the employee. The Act was not

meant to be a substitute for discovery in actual controversies . . . ."). "Understanding the scope of the exemptions [in Section 10(f)] has not been easy for Illinois courts." Landwer, 238 Ill.App.3d at 408, *citing* Spinelli v. Immanuel Lutheran Evangelical Congregation, Inc., 118 Ill.2d 389 (1987)(finding exemption for "documents used in management planning" unconstitutionally vague).[4]

Some district courts have construed portions of the PRRA in matters of first impression, but in the Court's opinion the issues in those cases were more straightforward than here. *See* Anderson, 169 F.Supp.2d 864, 870 (N.D. Ill. 2001)(as matter of first impression, construing plain and ordinary meaning of Personal Record Act to require exhaustion of administrative remedies); Bogosian, 134 F.Supp.2d at 960 (as matter of first impression, construing Act to cover dissemination of oral as well as written reports of information in personnel record). The Court can discern reasonable arguments on both sides of the debate, which, in consideration of comity, counsels in favor of declining supplemental jurisdiction.

---

[4]One Illinois Appellate Court has held that a PRRA violation was not "willful and knowing" where the issue was one of first impression over which "reasonable people might differ." Landwer v. Scitex America Corp., 238 Ill.App.3d 403, 409, 410 (1st Dist. 1992).

WHEREFORE, the Court RECOMMENDS that Defendant's Motion to Dismiss be granted (d/e 9).  The Court recommends that Plaintiffs' claim based on the Illinois Personnel Records Review Act (Count 4, First Amended Complaint) be dismissed for lack of subject matter jurisdiction under 28 U.S.C. Section 1367(a), or, in the alternative, that the Court decline to exercise supplement jurisdiction over said claim pursuant to 28 U.S.C. Section 1367(c)(2).

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER:    June 9, 2008

*s/ Byron G. Cudmore*
_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE